UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA NELSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:17-cv-03032 |
| ABILITY RECOVERY SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Now comes THERESA NELSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ABILITY RECOVERY SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law IDCSA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing at 1270 Ridgeview Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "is a national collection agency" which "has been in the collection industry for over 30 years."[1] Defendant is incorporated at 18 Pierce Street, Kingston, Pennsylvania, and it regularly collects upon individuals in all fifty states.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately May 2017, Plaintiff began receiving calls to her cellular phone, (317) XXX-1907, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1907. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://abilityrecoveryservices.com/about-ars/

11. Upon answering Defendant's phone calls, Plaintiff was informed that it was a debt collector seeking to collect upon an outstanding payment owed to "Penn Foster College" ("subject debt").

12. On or about June 16, 2017 Plaintiff notified Defendant to stop contacting her, as she was unable to make payment due to financial hardship.

13. Despite Plaintiff's efforts, Defendant continued to place at least 5 calls after being told to stop.

14. When Plaintiff has answered Defendant's phone calls, she has experienced a noticeable pause, lasting approximately four to five seconds in length, before being connected with a live representative.

15. During connected calls with Defendant, Plaintiff has also heard noise in the background, sounding similar to that of a call center.

16. Defendant has mainly called Plaintiff using the phone number (570) 207-1892.

17. Upon information and belief, the above-referenced phone number ending in 1892 is regularly utilized by Defendant to contact consumers during its debt collection activity.

18. On June 5, 2017, Defendant also mailed Plaintiff a dunning notice reflecting its intent to collect upon the subject debt.  *See* Exhibit A, a true and correct copy of the June 5, 2017 dunning letter.

19. This letter stated, "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." *Id.*

20. Before Plaintiff even had a chance to respond within 30 days, Defendant called Plaintiff a handful of times, and on June 14, 2017, Defendant mailed Plaintiff a second collection letter. *See* Exhibit B for a true and correct copy of the June 14, 2017 collection letter.

21. This letter states, "Because you failed to respond to previous correspondence on the above identified account, we must commence the collection process." *Id.*

22. The letter also goes on to state, "If payment or satisfactory arrangements to make payment are not made within ten (10) days of the date of this letter, further collection activity will begin to satisfy the debt." *Id.*

23. Although Defendant's letter allowed Plaintiff to make payment arrangements within ten days, or by June 24, 2017, Defendant called Plaintiff at least twice within those ten days, and also sent a third collection letter to Plaintiff. *See* Exhibit C for a true and correct copy of the June 19, 2017 collection letter.

24. All three of Defendant's collection letters state, "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *See* Exhibits A-C.

25. All three of Defendant's collection letters also include a detachable payment coupon instructing Plaintiff to return to Defendant with a payment. *Id.*

26. Defendant's collection letters and phone calls instilled a false sense of urgency upon Plaintiff, as it apprised her that she had time to dispute and make payment arrangements, but yet, Defendant's aggressive collection efforts continued.

27. Plaintiff has suffered anxiety and mental anguish as she was made to believe that even if she made payment arrangements with Defendant, her credit rating would be adversely affected and she would continue to be harassed by Defendant's collection efforts, as was the situation.

28. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

29. Plaintiff has been confused and misled by Defendant's conduct.

30. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and has been a member of ACA International, an association of credit and collection professionals, since 2011.[2]

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

36. Defendant violated 15 U.S.C. §§1692d, e, e(2), e(5), e(10), f and f(1), through its debt collection efforts.

    **a. Violations of 15 U.S.C. §1692d**

---

[2] http://www.acainternational.org/search#memberdirectory

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. Defendant violated §1692d when it harassed Plaintiff by continuing to aggressively collect upon the subject debt after notifying Plaintiff that she had ten days to make payment and/or payment arrangements. In its June 14, 2017 letter, Defendant states that "further collection activity will begin to satisfy the debt" if payment and/or payment arrangements are not made within ten days. However, Defendant not only sent an additional letter attempting to collect upon the subject debt, which was dated June 19, 2017 (only 5 days later), but it also made collection phone calls to Plaintiff's cellular phone on a handful of occasions during this period of time. It is evident that Defendant does not honor its own deadlines and simply includes them in its correspondence in order to harass and oppress consumers into submission.

39. Defendant also violated §1692d when it continued to call and send Plaintiff collection letters after she told it to stop contacting her. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of 15 U.S.C. §1692e

40. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

42. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In its letter dated June 14, 2017, Defendant falsely and deceptively informed Plaintiff that since she failed to respond to previous correspondence, it must commence collection. It also went on to say that if payment or payment arrangements were not made within ten days, further collection activity will begin. These statements are both false and deceptive, as Plaintiff was not even given a chance to respond to Defendant's previous correspondence. The previous correspondence which Defendant refers to is its dunning letter dated June 5, 2017. In that letter, Defendant gave Plaintiff 30 days to dispute the debt. Having no intention on waiting for Plaintiff to dispute, Defendant simply sent a letter 9 days later (June 14, 2017), and notified her that she did not respond to its last correspondence, so it will commence collection. This is also deceptive and false in that Defendant had already begun the collection process at that point. Specifically, Plaintiff received a number of collection phone calls from Defendant before June 14, 2017, so collection activity had already commenced well before Defendant stated it would begin. Finally, the ten days Defendant gave Plaintiff to make payment and/or arrangements was not honored, as just five days later on June 19, 2017, Defendant sent Plaintiff another letter seeking to collect upon the subject debt. Defendant's deceptive language and false deadlines only served to create a false sense of urgency upon Plaintiff, causing her anxiety and mental anguish, as she believed that even if she made payment arrangements with Defendant, her credit rating would be adversely affected and she would continue to be harassed by Defendant's collection efforts, as was the situation.

43. Defendant also violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told to cease contacting her, Defendant continued to contact Plaintiff via automated calls. Through its conduct, Defendant misleadingly represented

to Plaintiff that it had the legal ability to contact her via automated calls when it no longer had consent to do so.

### c. Violations of 15 U.S.C. §1692f

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. Defendant violated 15 U.S.C. §1692f by employing unfair means to collect the subject debt from Plaintiff. Defendant threatened to collect upon Plaintiff if she did not make payment or payment arrangements by a specific date. Rather than actually wait for the arrival of that date, Defendant prematurely sent additional letters and placed a handful of phone calls to Plaintiff's cellular phone in an attempt to procure payment. These are unfair tactics which Defendant solely uses to force consumers into submission.

46. Defendant also violated §1692f when it unfairly and unconscionably attempted to collect on a debt by calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing phone calls after being notified to stop calling is unfair and unconscionable behavior.

47. As pled in paragraphs 26 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, THERESA NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

  e. Enjoining Defendant from further contacting Plaintiff; and

  f. Awarding any other relief as this Honorable Court deems just and appropriate.

COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

50. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately four to five seconds in length, which Plaintiff experiences during answered calls from Defendant, is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the audible noise sounding similar to that of a call center which Plaintiff experiences upon answering Defendant's phone calls points to the involvement of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

51. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to the original party of interest, which Defendant will likely assert transfers down to it, was explicitly revoked by Plaintiff's demands to cease calling her cellular phone.

9

52. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

53. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, THERESA NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

54. Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

56. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

57. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

58. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

59. Defendant's collection letters and phone calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

60. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. From its collection letters to its phone calls, Defendant made promises to Plaintiff but ended up defying them and continued to unlawfully collect upon the subject debt. In its June 14, 2017 letter, Defendant notified Plaintiff that she had ten days to make payment arrangements before it began further collection activity. Rather than honor its promise and allot Plaintiff ten days to make these arrangements, Defendant consciously chose to place several phone calls to Plaintiff's cellular phone, as well as send an additional collection letter just five days later. Defendant had no intention of honoring its ten day promise, and by making this assertion and defying it, Defendant was trying to confuse and mislead Plaintiff into ultimately feeling so overwhelmed that she would have to make payment.

61. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff first demanded that it stop calling her, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant continued its deceptive conduct and continued to contact Plaintiff. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

62. In violating the TCPA, Defendant also violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

63. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

64. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

65. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with notice and refused to abide by said notices, evidenced by sending Plaintiff additional collection letters and calling her after she told it to stop, shows that its behavior is incurable and that it has no intention of curbing its behavior.

66. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

67. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 26 through 30,

Plaintiff has suffered damages as a result of Defendant's unlawful collection practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, THERESA NELSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 31, 2017                             Respectfully submitted,

s/ Nathan C. Volheim                               s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                              Counsel for Plaintiff
Admitted in the Southern District of Indiana       Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                           thatz@sulaimanlaw.com